# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D2023-0789

———————————————

MIAMI DONUTS PAYROLL d/b/a
DUNKIN DONUTS, and LIBERTY
MUTUAL INSURANCE COMPANY,

    Appellants,

    v.

CLAUDIA VILLARREAL,

    Appellee.

———————————————

On appeal from the Office of the Judges of Compensation Claims.
Jeffrey I. Jacobs, Judge of Compensation Claims.

Date of Accident: April 6, 2020.

November 6, 2024

B.L. THOMAS, J.

Dunkin Donuts and Liberty Mutual Insurance Company appeal from a final workers' compensation order by the Judge of Compensation Claims. Appellants challenge the JCC's denial of their motion to continue the final hearing. Section 440.25(4)(b), Florida Statutes, states, "Except as set forth in this section, continuances may be granted only if the requesting party demonstrates to the judge of compensation claims that the reason for requesting the continuance arises from circumstances beyond the party's control." Because we agree with Appellants that the

circumstances giving rise to their motion were beyond their control, we find that the JCC abused his discretion, and we reverse the denial of the motion and vacate the subsequent final order.[1]

Appellee was a cashier for Dunkin Donuts who was injured by an electrical shock she received while plugging in a cash register. She underwent treatment and was determined to have reached maximum medical improvement on December 23, 2020. Appellee continued treatment, and reported worsening symptoms on April 6, 2022, almost two years after the work accident. She had developed balance issues and had difficulty walking, had issues with her right hand locking closed, weakness and pain, and bladder issues. Two months later her symptoms had further worsened, and she also reported difficulty eating and bumps on her neck. She was referred to Dr. Alan Levi of the University of Miami Department of Neurosurgery, who diagnosed her with neurofibromatosis type I,[2] which had caused tumors along her cervical spine, one of which was severely compressing her spinal cord. Dr. Levi performed surgery on Appellee's cervical spine, during which he removed the most problematic of the tumors. Appellee responded well to the surgery, although Dr. Levi advised that she still had tumors causing some cord compression and that she would need future care. Dr. Levi also referred Appellee to physical therapy to address her balance issues; this appeal arises from Appellee's efforts to secure this and other ongoing care through workers' compensation.

Appellants denied Appellee's claims, reasoning that the work accident—which they accepted as compensable—was not the

---

[1] Appellants also raise two issues pertaining to the final hearing, but considering our decision on the continuance issue, we need not reach the remaining issues.

[2] Dr. Levi described Appellee's condition as a genetic disorder that causes the development of tumors on the nerves.

major contributing cause of the need for treatment.[3] Instead, Appellants cited Appellee's genetic condition as the MCC.

Underlying Appellants' reasoning at the time of their denial was the opinion of Dr. Levi, who stated in a Florida Workers' Compensation Uniform Medical Treatment/Status Reporting Form that the condition necessitating his recommendations was *not* work related. Even so, Appellee filed a petition for benefits requesting the treatment on September 6, 2022. Dr. Levi then reiterated his opinion in a letter he signed, dated September 21, 2022, in which he stated as follows:

> From a neurological standpoint for the diagnoses that we treated her for, [Appellee] does not have a work related-diagnosis relating to the work incidence on 4-6-2020. We treated her for a different diagnosis. . . . .

But during Dr. Levi's deposition on January 23, 2023, he opined to the contrary that, despite Appellee's preexisting genetic condition and the resultant tumors and cord compression, it was Appellee's work accident which caused her to begin to manifest neurological issues. Three weeks later, Appellants responded by requesting a continuance of the final hearing—scheduled for March 1, 2023. They explained that they had reacted to Dr. Levi's unforeseen change of opinion by immediately obtaining an independent medical examiner, who had subsequently declined to proceed because he worked with Dr. Levi and did not feel that he could independently review Dr. Levi's work. Appellants listed five physicians whom they had contacted and declared that they were also willing to approve a doctor from another location. They also represented that they would accept a rescheduling of the final hearing to the earliest available date. The JCC denied the motion, concluding that the reasons for the request did not arise from circumstances beyond Appellants' control. The JCC then held the final hearing as scheduled, after which he accepted the uncontroverted opinion of Dr. Levi that the work accident was the

---

[3] *See* § 440.09(1), Fla. Stat. (2019) (requiring a compensable accident be the MCC of any "resulting injuries").

major contributing cause of Appellee's condition and need for treatment and awarded Appellee the requested benefits.

Section 440.25(4)(b), Florida Statutes (2019), provides the JCC wide discretion to decide whether to continue a case, but it also limits that discretion to instances where the circumstances necessitating the request for continuance are beyond the requesting party's control.

Under the facts in this case, it is not reasonable to conclude that the circumstances necessitating Appellants' request for a continuance were within their control. Appellee argues that Appellants should have conferenced with Dr. Levi or deposed him earlier than January 23, 2023, but the letter from Dr. Levi demonstrates that Appellants did confirm his opinion in their favor, so it cannot be said that ferreting out Dr. Levi's opinion change was something Appellants controlled. This is particularly so considering that Dr. Levi could not even recall when the change occurred, meaning that, had Appellants deposed the doctor prior to when his opinion was changed, the change ostensibly would not have been discovered. Even with Dr. Levi's change in opinion weeks before the final hearing, Appellants did successfully obtain an independent medical examiner, but that examination failed to occur through no fault of Appellants. Thus, the JCC's ruling was not supported by competent, substantial evidence.

Having determined that the circumstances necessitating the continuance were not within Appellants' control, we next address the JCC's ultimate denial of the Appellants' motion. Because the JCC determined that a continuance was unavailable as a matter of fact pursuant to section 440.25(4)(b), the JCC technically did not determine whether to exercise his discretion to grant the motion. But the record demonstrates that, under the circumstances, the only reasonable decision should have been to grant the motion. Appellants were deprived of the medical evidence on which their defense was based five weeks before the final hearing, after which they continuously worked to obtain an independent medical examiner, to which they were statutorily entitled. *See* § 440.13(5), Fla. Stat. (2019).

4

Because we find abuse of discretion, we reverse the JCC's denial of Appellants' motion to continue and vacate the benefits awarded in the final order.

VACATED, REVERSED, and REMANDED for further proceedings consistent with this opinion.

RAY and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Edward C. Duncan III of the Law Office of Ignacio M. Sarmiento, London, Kentucky, for Appellants.

Kenneth B. Schwartz of Gordon & Partners, P.A., North Palm Beach, for Appellee.